FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/9/2017 4:22:44 PM
JAMIE SMITH
DISTRICT CLERK
A-199583

NO. _____

| | | |
|---|---|---|
| REGINALD TWINE, SR. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF JEFFERSON COUNTY, TEXAS |
| | § | |
| ASHLAND ELASTOMERS, LLC | § | |
| AND | § | |
| LION ELASTOMERS, LLC | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES REGINALD TWINE, SR., hereinafter called Plaintiff, complaining of and about ASHLAND ELASTOMERS LLC AND LION ELASTOMERS, LLC, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $1,000,000.00.

### PARTIES AND SERVICE

3. Plaintiff, Reginald Twine, Sr. is an individual who resides in Beaumont, Jefferson County, Texas. The last three numbers of Reginald Twine, Sr.'s driver's license number are 757. The last three digits of Reginald Twine, Sr's Social Security number are 556.

4. Defendant, Ashland Elastomers, LLC, is a foreign corporation which may be served by serving its registered agent for service of process: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

5. Defendant, Lion Elastomers LLC, is a foreign corporation which may be served by serving its registered agent for service of process: CT Corporation System, 1999 Bryan St., Ste. 900,



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 06, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 1 of 6

Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has jurisdiction over the parties because Defendant is a corporation conducting business in the State of Texas.

8. Venue in Jefferson County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## NATURE OF ACTION

9. This is an action under Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended, to correct unlawful employment practices on the basis of race.

## CONDITIONS PRECEDENT

10. More than 180 days prior to the institution of this lawsuit, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission, alleging violations of Chapter 21 Employment Discrimination of the Texas Labor Code. A notice of the right to file a civil action has been issued by the U.S. Equal Employment Opportunity Commission. All conditions precedent to the institution of this lawsuit have been fulfilled. This suit is filed within 90 days after the date a notice of the right to file a civil action was received by Plaintiff and is brought within two years of the date the complaint relating to the action was filed.

## FACTS

11. Ashland Elastomers, LLC acquired International Specialty Products Inc. (ISP) in May 2011. ISP Elastomers is a subsidiary of Ashland Elastomers's Performance Materials Commercial Group. The facility is located in Port Neches, Texas. The company develops and manufactures

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 06, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 2 of 6

specialty chemicals and functional ingredients in numerous applications. ISP generates large quantities of Styrene Butadiene Rubber, used for numerous industrial purposes. ISP employs approximately 275 employees.

Reginald Twine was hired to work in the process area on October 6, 2008. Around May 2010, Mr. Twine was moved to a new department under a different supervisor. During this time, employees Charles Trussell and Mr. Hester hung a rebel flag on the wall at work. On or about a month after supervisors had the flag removed, Mr. Twine and another employer were confronted by employees during lunch where Mr. Twine denied any involvement with the flag being taken down. Around June 2012, Mr. Twine was moved to a new position. In August 2013, Mr. Twine was approached by Jerry Simmon and Don Mayfield who told Mr. Twine that his attitude made him hard to work with. James Bolieo, the replacing supervisor, volunteered to work with Mr. Twine and later told him that Mr. Simmon and Mr. Mayfield said they didn't understand the African American culture or the way African American's speak, and that is what made working with Mr. Twine difficult. In August of 2015, Dameon Trussell, son of Charles Trussell is working with Mr. Twine. Mr. Trussell signs a permit declaring the worksite safe. Mr. Twine disagreed and had two supervisors, Mark Ensign and Carl Tarver, observe the work environment. After being told to continue with the job, Mr. Twine, out of fear of being perceived as being problematic to work with resulting in the loss of his job, proceeded to work. As a result, Mr. Twine sustained an injury to both ankles, calves, stomach, upper right side and arm, and neck. On or about July 5, 2016, after being released by the company doctor to come into the plant with a cane, Mr. Twine was written up by Trudy Lord for not signing the permit despite voicing safety concerns, and for the false accusations two years prior in September 2014. Dameon Trussell, the contractor who signed the permit the day of the incident, obtained a permanent job with Defendant.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 06, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 3 of 6

Plaintiff has been discriminated against as a result of race and retaliated in violation of Title VII of the Civil Rights act of 1964 as amended. Mr. Twine, during the time he was employed by Ashland and Lion Elastomers, met all expectations. Mr. Twine witnessed where other white employees with no experience or much less experience than Mr. Twine were promoted as a result of their race and not as a result of their performance.

Mr. Twine has been a victim of continued discrimination and retaliation as it was identified in his charge of November 9, 2016.

## RACIAL DISCRIMINATION AND RACIAL HARASSMENT

12. Defendants, Ashland Elastomers, LLC and Lion Elastomers, LLC, intentionally engaged in unlawful employment practices involving Plaintiff because he is an African American.

13. Defendants racially harassed Plaintiff, as described above, in violation of his rights under the Texas Labor Code section 21.051.

14. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race in violation of the Texas Labor Code.

15. Defendants classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of the Texas Labor Code.

16. Plaintiff alleges that Defendants discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the state-protected rights of Plaintiff.

## DAMAGES

17. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 06, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 4 of 6

a. Actual damages as a result of discharge to be determined by a trier of fact;

b. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just as provided by the Texas Labor Code section 21.259. All conditions precedent have been performed or have occurred;

c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by the Texas Labor Code section 21.258;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Emotional pain;

f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g. Inconvenience;

h. Pre and Post judgment interest;

i. Loss of enjoyment of life;

j. Mental anguish in the past;

k. Mental anguish in the future;

l. Loss of earnings in the past;

m. Loss of earning capacity which will, in all probability, be incurred in the future; and

n. Loss of benefits.

## EXEMPLARY DAMAGES

18. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 06, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 5 of 6

such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages as provided by Section 21.2585 of the Texas Labor Code.

### SPECIFIC RELIEF

19. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendants described hereinabove:

    a.    Prohibit by injunction the Defendants from engaging in unlawful employment practices as defined in the Texas Labor Code.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Reginald Twine, Sr., respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Section 21.2585 of the Texas Labor Code, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE MONK LAW FIRM
4875 Parker Drive
Beaumont, Texas 77705
Phone: (409) 724-6665
Fax: (409) 729-6665

By: _____
BRANDON P. MONK
State Bar No. 24048668

ATTORNEYS FOR PLAINTIFF



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 06, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 6 of 6



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 1749340 Total Pages: 6

In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us